STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 83013)
ARJUN P. RAO (State Bar No. 265347)
DAVID W. MOON (State Bar No. 197711)
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
Telephone: 310-556-5822
Facsimile: 310-556-5959
Email: *lacalendar@stroock.com*

Attorneys for Defendant
MERCEDES-BENZ USA, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALABASAS LUXURY MOTORCARS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MERCEDES-BENZ USA, LLC; MERCEDES-BENZ FINANCIAL SERVICES USA, LLC and DOES 1 through 10, <br><br> Defendants. | Case No. 2:21-cv-08805-FMO-AS <br><br> [Assigned to Hon. Fernando M. Olguin] <br><br> **NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION OF DEFENDANT MERCEDES-BENZ USA, LLC TO DISMISS COMPLAINT** |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant Mercedes-Benz USA, LLC hereby gives notice of the following supplemental authority in support of its Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 23):

- Order entered on September 19, 2022, by the Honorable Dolly M. Gee, United States District Judge for the Central District of California, granting the motion to dismiss in the action titled, <u>Calabasas Luxury Motorcars, Inc. v. BMW North America, LLC et al.</u>, No. 2:21-cv-08825-DMG-AS. A copy of the Court's order is attached hereto as **Exhibit A.**

Dated: September 23, 2022

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
ARJUN P. RAO
DAVID W. MOON

By:     */s/ Arjun P. Rao*
            Arjun P. Rao

Attorneys for Defendant
MERCEDES-BENZ USA, LLC.

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-8825-DMG (ASx) | Date | September 19, 2022 |
| Title | *Calabasas Luxury Motorcars, Inc. v. BMW North America, LLC et al* | Page | 1 of 5 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT BMW NORTH AMERICA, LLC, AND BMW FINANCIAL SERVICES, LLC'S MOTION TO DISMISS [24]**

On December 26, 2021, Plaintiff Calabasas Luxury Motorcars, Inc. ("CLM") filed a First Amended Complaint ("FAC") against Defendant BMW North America, LLC ("BMW NA") and BMW Financial Services, LLC ("BMW FS") (collectively, "BMW"), alleging violations of the Cartwright Act and California's Unfair Competition Law on behalf of itself and a putative class of others similarly situated. [Doc. # 18.]

On February 1, 2022, BMW NA and BMW FS filed a motion to dismiss ("MTD"). [Doc. #24.] The motion has been fully briefed. [Doc. ## 28 ("Opp."), 29 ("Reply").] For the following reasons, the MTD is **GRANTED**.

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

CLM is a luxury used vehicle dealership that is challenging BMW's policy of not honoring payoff from third-party dealers for its leased vehicles. FAC ¶¶ 42, 57. CLM alleges that this policy is "collusive conduct amounting to unfair competition" that is disrupting a "common, established transaction in the automobile industry." *Id.* at ¶¶ 31, 42.

This dispute arises out of the major global supply disruption of the COVID-19 pandemic, which has significantly impacted the automobile industry. FAC ¶¶ 23, 24. Consumer demand now outpaces supply, which in turn increases the prices of both new and used vehicles. *Id.* at ¶ 24. The expected depreciation of the vehicle is a significant factor in how BMW FS determines monthly lease payments. *Id.* ¶ 28. Consequently, many individuals who had leased a vehicle prior to this disruption saw an increase in the value of their vehicle that exceeded the payoff amount remaining on their lease term, creating equity in those contracts. *Id.* at ¶¶ 25, 26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-8825-DMG (ASx) | Date | September 19, 2022 |
| Title | *Calabasas Luxury Motorcars, Inc. v. BMW North America, LLC et al* | Page | 2 of 5 |

BMW FS, a wholly owned subsidiary of BMW NA, is either the assignee or servicer for the BMW auto leases at issue. MTD at 4. BMW's policy does not permit consumers to sell their used BMW vehicles (which are leased through BMW FS) to non-BMW franchise dealerships, nor does it permit non-BMW franchise dealerships to purchase such vehicles as trade-ins. *Id.* at ¶ 3; Defs.' Req. for Judicial Ntc. ("RJN"), Exh. A (BMW FD Motor Vehicle Lease Agreement) at 10 [Doc. # 24-1].[1] CLM has thus not been able to accept leased BMW vehicles as trade-ins or purchase them directly from consumers. FAC ¶ 57. CLM has alleged that as a result, it has paid artificially inflated prices for used vehicles. *Id.* at ¶ 6.

Now, BMW moves to dismiss on the ground that CLM's claims for violation of antitrust laws and California's UCL fail as a matter of law.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) states that a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Legal conclusions, in contrast, are not entitled to any presumption of truth. *Id.*

//
//
//
//
//

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-8825-DMG (ASx) | Date | September 19, 2022 |
|---|---|---|---|
| Title | *Calabasas Luxury Motorcars, Inc. v. BMW North America, LLC et al* | Page | 3 of 5 |

### III. DISCUSSION

**A.      Cartwright Act Claim**

In its opposition, CLM conceded that dismissal of its Cartwright Act claim is appropriate. Opp at 2. As such, the claim is **DISMISSED**.

**B.      Unfair Competition Law Claim**

Section 17200 of California's Business and Professions Code prohibits "unfair competition," which is defined as any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The remaining claim before the Court is that BMW has engaged in an "unfair" business practice pursuant to section 17200.[2]

Under the UCL, a business practice can be deemed "unfair" even if not specifically prohibited by another law. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003) (citation omitted). Under this prong, the plaintiff must allege facts that the practice "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 719 (2001) (internal quotation marks and citation omitted).

CLM and BMW disagree over the proper test for determining whether a business practice is unfair. CLM presents three different tests (the "Balancing Test", the "Tethering Test", and the "Section 5 Test") and asserts that BMW's conduct is "unfair" under each of them. Opp at 7–10. The Court agrees with BMW that these tests are not appropriate in this case. Reply at 1–2. These tests are used to evaluate unfairness in consumer cases, not between business competitors. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1130 (9th Cir. 2014) (citing *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 187 (1999)).

Instead, a business practice is unfair between competitors when the conduct "threatens an incipient violation of an antitrust law or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech*, 20 Cal. 4th at 187. If the alleged "unfair" conduct is acceptable under the antitrust laws, there is no UCL violation. *Levitt*, 765 F.3d at 1136–37; *Reed*

---

[2] Initially, CLM also pleaded that BMW's policies and practices are "unlawful" under the UCL, FAC ¶¶ 101–05, but in its Opposition it argued only under the UCL's "unfair[ness]" prong. Since CLM chose not to brief this argument, the Court considers it waived for the purpose of this motion. Opp. at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-8825-DMG (ASx) | Date | September 19, 2022 |
| Title | *Calabasas Luxury Motorcars, Inc. v. BMW North America, LLC et al* | Page | 4 of 5 |

*v. Nat'l Football League*, No. CV 15-1796-DMG (AGRx), 2015 WL 13333481, *5 (C.D. Cal. Sept. 24, 2015). The Court therefore must evaluate whether BMW's conduct violates antitrust law.

BMW FS is a wholly owned subsidiary of BMW NA and, as such, the two defendants are treated as one entity with a single unity of interest. *In re Automobile Antitrust Cases I & II*, 1 Cal. App. 5th 127, 155 (2016) (citing *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 769–71 (1984)). The policy choice to implement an exclusive dealing arrangement is a unilateral act—and the antitrust laws do not preclude a trader from unilaterally determining the parties with whom it will deal and the terms on which it will transact business. *G.H.I.I. v. MTS, Inc.*, 147 Cal. App. 3d 256, 258 (1983); *see also United States v. Colgate & Co.*, 250 U.S. 300, 308 (1919). A manufacturer is permitted by antitrust laws to "franchise certain dealers to whom, alone, he will sell his goods [. . . as long as] competitive products are readily available to others." *U. S. v. Arnold, Schwinn & Co.*, 388 U.S. 365, 376 (1967), overruled on other grounds by *Cont'l T.V., Inc. v. GTE Sylvania, Inc.*, 433 U.S. 36 (1977). Other vehicles on the market are competitive with those leased by BMW—and CLM does not plausibly allege otherwise.

BMW also contends that CLM fails to state a claim because it does not plausibly allege economic loss. The Court agrees. While CLM alleges a general increase in difficulty of acquiring BMWs, it does not quantify any loss of money that has occurred because of BMW's conduct. CLM does not identify a single instance of specific economic harm and merely alleges that "as a proximate result of the Defendants' unlawful contract, combination, or conspiracy, Plaintiff and those similarly situated have sustained damages" and that "Plaintiff has suffered injury in fact and a loss of money or property," without any factual undergirding. FAC ¶¶ 56, 62, 91. Nor has it pleaded specific harm to competition in the larger used and leased car market. *See Marsh v. Anesthesia Svcs. Medical Group, Inc.*, 200 Cal. App. 4th 480, 495 (2011).

These allegations are insufficient to state a claim under the UCL. *See Kwikset Corp. v. Superior Court*, Cal. 51 Cal. 4th 310, 323 (2011). Further, CLM has not alleged sufficient facts to support the claim that BMW's conduct violates antitrust laws and therefore is legally barred from bringing an independent UCL claim. *City of San Jose v. Office of the Com'r of Baseball*, 776 F.3d 686, 692 (9th Cir. 2015). The Court thus concludes that CLM has failed to state a claim under California's UCL.

//
//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-8825-DMG (ASx) | Date | September 19, 2022 |
|---|---|---|---|
| Title | *Calabasas Luxury Motorcars, Inc. v. BMW North America, LLC et al* | Page | 5 of 5 |

## IV.
## CONCLUSION

In light of the foregoing, Defendants' Motion to Dismiss is **GRANTED** with leave to amend. CLM shall file a second amended complaint ("SAC") by **October 10, 2022**, and Defendants shall file their response within 21 days of the filing and service of the SAC. Failure to timely file a SAC will result in the dismissal of this action with prejudice.

**IT IS SO ORDERED**.

# CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2022 a copy of the foregoing **NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION OF DEFENDANT MERCEDES-BENZ USA, LLC TO DISMISS COMPLAINT** was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

>                     */s/ Arjun P. Rao*
>                         Arjun P. Rao